IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELENA DUMAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 15 CV 5258 |
| v. | ) ) | |
| DELTA DENTAL PLANS ASSOCIATION, | ) ) ) | JURY DEMANDED |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Helena Dumas, individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, complains against Defendant Delta Dental Plans Association ("Delta Dental" or "Defendant"), as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2. Defendant manages, controls and operates customer service call centers within this judicial district and manages and controls the telephone-based workers who are the putative class members in this lawsuit.

3. Defendant knowingly required and/or permitted Plaintiff, who worked as a telephone-dedicated employee in the position of client services representative, and other

similarly situated telephone-dedicated employees, to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, reading company issued emails and instructions, completing customer service calls, sending and receiving faxes, taking documents to the mail room, and taking documents to be shredded.

4. In addition, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, including meal breaks, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers, initializing software programs, sending and receiving faxes, taking documents to the mail room, and taking documents to be shredded.

5. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

6. Plaintiff brings her FLSA overtime claims on an individual basis. Plaintiff brings her IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone dedicated employees.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

**THE PARTIES**

9. Plaintiff Helena Dumas is an individual who Defendant employed from approximately February 10, 2014 to approximately January 2015 as an hourly, non-exempt customer services representative in Defendant's call center in Lisle, Illinois. Plaintiff Dumas resides in and is domiciled within this judicial district.

11. Defendant Delta Dental Plans Association is an Illinois not-for-profit corporation qualified to do business in Illinois. Delta Dental is headquartered in Lisle, Illinois.

12. Delta Dental is by far the largest dental benefits carrier in the country. Delta Dental member companies provide insured coverage and/or self-funded plan administrative services for nearly one-third of all Americans with dental insurance in all 50 states.

13. Delta Dental of Illinois provides fully-insured and administrative services only dental benefit programs to 2 million enrollees in over 5,000 groups representing all business sectors such as hospitals, municipalities, school districts and universities, government entities, commercial businesses, labor groups and national accounts. Delta Dental of Illinois also offers individual dental plans for Illinois residents who do not have access to a group dental plan.

14. Defendant issued paychecks to Plaintiff and certain of the similarly situated employees.

15. Defendant employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

16. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS §

115/2.

## FACTUAL ALLEGATIONS

 A. *Defendant's Practice of Requiring and/or Permitting Telephone-Based Hourly Employees to Work Before the Start of Their Scheduled Shift Time*

 17. Defendant operates and has operated "call centers" in Illinois where telephone-dedicated employees similar to Plaintiff handle phone calls regarding dental benefit programs offered by Defendant to its customers.

 18. Defendant earns revenue from the services of Plaintiff and other similarly situated telephone-dedicated employees.

 19. Prior to starting work on the call center floor, Plaintiff and other similarly situated telephone-based employees were and are interviewed by employees and managers of Defendant.

 20. Defendant had the power to hire and fire Plaintiff and other persons similarly situated.

 21. At the Lisle, Illinois call center where Plaintiff worked, managers Defendant employed were always working on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

 22. Defendant does not allow telephone-based employees to use Defendant's phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow telephone-based employees to use their own personal cell phones on the call center floor. Under Defendant's policies and practices, telephone-based employees are required to store their personal cell phones during the work day and can generally only use them on breaks and off the call center floor.

 23. At the Lisle, Illinois call center where Plaintiff worked, Defendant's managers on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly

situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

24. Despite seeing and knowing that Plaintiff and similarly situated telephone-based employees performed work at their work stations prior to their scheduled shift time start, Defendant and its managers on the floor of the call center did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

25. Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-based employees logged into their computers each day and the time they logged into their telephone systems.

26. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-based employees worked prior to the start of their scheduled shift time.

27. Despite having this information and knowing that Plaintiff and similarly situated telephone-based employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow this pre-shift work and instead allowed and permitted it to happen.

28. Defendant knowingly required and/or permitted Plaintiff and those similarly situated to her to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, and completing customer service calls, closing down the software programs, logging off the

system, sending and receiving faxes, taking documents to the mail room, and shredding documents after the end of their scheduled shift times.

29. In addition, by having managers on the call center floor and having access to the electronic data, among other things, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

30. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

31. Defendant monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

### B. *Defendant Knew of and Assented to the Pre-Shift Work*

32. Defendant's policy and practice permits and/or requires telephone-based employees to be logged into their phones by the employee's scheduled start time.

33. In order to be logged into Defendant's telephone systems, Defendant required and/or permitted Plaintiff and similarly situated telephone-based employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and instructions.

34. Defendant's policy and practice is to discipline telephone-based employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

35. This policy and practice of Defendant results in telephone-based employees, including the Plaintiff, to boot up their computers, initialize several software programs and/or read company emails and instructions prior to their start of their scheduled shift time.

36. As set forth herein, via their policies and practices and through their own telephone and computer systems, Defendant knew and was aware that the telephone-based employees performed work prior to the start of their scheduled shift.

37. Defendant did not instruct Plaintiff and similarly situated telephone-based employees to not log into their computers or telephone, or to not read company emails prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiff and the putative class members to work prior to their scheduled shift time.

38. By knowing of, permitting and/or requiring Plaintiff and similarly situated telephone-based employees to log into their computers, initialize their various software programs and/or read company email and instructions prior to the start of their scheduled shift time, Defendant assented to them performing this work.

### C. *Defendant's Failure to Pay Regular and/or Overtime Wages to Its Telephone-Based Hourly Employees*

39. Defendant determined the rate of pay for Plaintiff other similarly situated persons.

40. Plaintiff and other similarly situated persons submitted their timesheets to Defendant's managers for review prior to receiving their paychecks. These timesheets were reviewed and approved by employees of Defendant.

41. Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

42. Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendant in customer service, sales, and similar positions at Defendant's call

centers who were not paid for some or all of their work activities prior to the beginning of their shifts, during meal and rest breaks, or after the end of their shifts.

43. Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to selling dental benefit plans offered by Defendant to its customers while working in Defendant's call centers. Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

44. Plaintiff and the other employees are also similar because Defendant did not pay them for all time they actually worked. Defendant knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, reading company emails and instructions, and completing customer service calls. Additionally, Defendant was aware that Plaintiff and those similarly situated to her also performed work for Defendant on their break periods, for which they were not paid.

45. The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

46. Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendant in a given workweek.

47. Defendant's policy and practice of requiring and/or permitting its employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for

such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

48. Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

49. Defendant's failure to compensate its non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

50. Defendant's non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

### D. *Defendant's Failure to Pay Agreed-Upon Hourly Rates For Work To Which Defendant Assented*

51. At all times relevant hereto, Defendant paid, and agreed to pay, Plaintiff and similarly situated employees in Illinois more than the federal and state minimum wage.

52. For example, Defendant agreed to pay Plaintiff $15.50 per hour for all work Defendant permitted and/or required of her, which is more than the applicable federal and state minimum wage.

53. At all times relevant hereto, Defendant agreed to pay Plaintiff and a class of similarly situated Illinois employees more than the state minimum wage for all work permitted and/or required by Defendant.

54. At all times relevant hereto, Defendant agreed to compensate its hourly

9

employees for all "work" that Defendant required and/or permitted.

55. Booting up computers, initializing several software programs, reading company email or instructions, and completing customer service calls is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay. Additionally, working during breaks and completing calls and logging off their phones and computers is "work" for which Plaintiff and similarly situated Illinois employees are entitled to their agreed-upon rate of pay.

56. Despite their agreement to pay Plaintiff and similarly situated Illinois employees more than the statutory minimum wage for their work, and despite assenting to the work described herein, Defendant did not pay Plaintiff and certain other similarly situated Illinois employees their agreed-upon rate for performing all work permitted, required and/or assented to by Defendant. This work includes the time spent booting up their computers, initializing their software programs for their calls, and reading company email and instructions prior to the start of their scheduled shift time; the time spent completing customer service calls, closing down the software programs, and logging off the system after the end of their scheduled shift times; and the break time spent completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

57. Defendant's failure to compensate Plaintiff and other similarly situated Illinois employees at their agreed-upon wage for work they permitted, required and/or assented to has caused Plaintiff and other similarly situated employees to suffer harm.

## CLASS ACTION ALLEGATIONS

58. Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendant who

Defendant required to perform the work described herein without pay.

59. With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 15, 2012 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

60. With respect to Plaintiff's IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between June 15, 2005 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

61. This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

62. Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not compensating employees for all time worked.

63. Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned wages to Plaintiff and the class members.

64. Furthermore, members of the IMWL and IWPCA Classes still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

65. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

11

66. Plaintiff and the members of the IMWL and IWPCA Classes, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

67. Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

68. If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

69. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

70. Plaintiff and her counsel will fairly and adequately protect the interest of both classes.

## COUNT I – FLSA
### (Failure to Pay Overtime Wages)

71. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as paragraph 71 of this Count I.

72. Plaintiff individually asserts claims for unpaid overtime pursuant to the FLSA.

73. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

74. At any and all times relevant hereto, Defendant was an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

75. At any and all times relevant hereto, Plaintiff was an "employee" of Defendant

as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e)

76. Plaintiff was not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

77. At all times relevant hereto, Defendant's failure to pay Plaintiff premium pay for all time worked over 40 hours in a week was willful in that, among other things:

   a. Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

   b. Defendant failed to maintain true and accurate time records; and

   c. Defendant encouraged Plaintiff to not record all time worked.

78. As a direct and proximate result thereof, Plaintiff is due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff in a sum that will properly, adequately and completely compensate her for the nature, extent and duration of her damages, the costs of this action and as follows:

   a. Declare and find that the Defendant committed one or more of the following acts:

      i. Violated provisions of the FLSA for Plaintiff; and

      ii. Willfully violated provisions of the FLSA for Plaintiff.

   b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

   c. Award liquidated damages on all wages and overtime compensation due to Plaintiff;

   d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

   e. Grant leave to amend to add claims under applicable state and federal laws to

      conform with the proofs at trial;

  f. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

  g. Grant such further relief as the Court deems just and equitable.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Failure to Pay Earned Overtime Wages)**

79. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 70 as paragraph 79 of this Count II, as if fully set forth herein.

80. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

81. The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiff brings this action on her own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

82. Defendant employed Plaintiff and other similarly situated telephone-dedicated workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

83. At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated telephone-dedicated workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

84. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

85. Defendant did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

86. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

87. Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover statutory penalties in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendant as follows:

a. That the Court determine that this action may be maintained as a class action.

b. A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

88. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 70 as paragraph 88 of this Count III as if fully set forth herein.

89. Plaintiff, individually and on behalf of all others similarly situated, brings this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection

Act, 820 ILCS § 115/14(a).

90. At all times relevant, and at Defendant's request, Plaintiff and the members of the putative IWPCA Class performed work for Defendant.

91. As set forth *supra*, Defendant assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendant permitted and/or required.

92. As set forth *supra*, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre- and post-shift work described herein, as well as the work performed during breaks.

93. Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiff and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, during breaks, and after the end of their scheduled shift time.

94. During the course of their employment with Defendant, Plaintiff and similarly situated Illinois employees had an agreement with Defendant within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendant did not pay Plaintiff or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

95. Plaintiff and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

96. When Defendant hired Plaintiff and the members of the putative IWPCA Class and advised them of the specific hourly rate they would be paid, Defendant did not inform Plaintiff and the members of the putative class that they would not be paid for all the work

Defendant required and/or permitted.

97. Defendant has failed to pay Plaintiff and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

98. Defendant has failed to pay Plaintiff and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

99. Illinois Statutes 820 ILCS §§115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…".

100. Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

101. Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

102. Defendant violated Illinois Statutes 820 ILCS §§115/1 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiff and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned

and by failing to properly compensate Plaintiff and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

103. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

WHEREFORE, Plaintiff and the members of the IWPCA Class pray for a judgment against Defendant as follows:

a. That the Court determine that this Count III may be maintained as a class action;

b. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

Dated: June 15, 2015

                                                Respectfully submitted,

                                                /s/ James X. Bormes
                                                One of Plaintiff's attorneys

| | |
|---|---|
| James X. Bormes | Thomas M. Ryan |
| Catherine P. Sons | Law Office of Thomas M. Ryan, P.C. |
| Law Office of James X. Bormes, P.C. | 35 East Wacker Drive |
| 8 South Michigan Avenue | Suite 650 |
| Suite 2600 | Chicago, Illinois 60601 |
| Chicago, Illinois 60603 | (312) 726-3400 |
| (312) 201-0575 | |