# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HELENA DUMAS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 15 CV 5258 |
| v. | ) ) | |
| DELTA DENTAL OF ILLINOIS, | ) ) | Hon. Andrea R. Wood |
| Defendant. | ) | |

**CLASS ACTION SETTLEMENT AGREEMENT**

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Helena Dumas (the "Named Plaintiff"), on the one hand, and Defendant Delta Dental of Illinois ("Defendant") on the other hand (collectively, the "Parties"), in the above-captioned action ("Action").

I.      **PROCEDURAL HISTORY**

On June 15, 2015, the Named Plaintiff filed this Action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of herself and others similarly situated, alleging that Defendant Delta Dental Plans Association failed to pay her and other similarly situated employees in accordance with the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (the "FLSA")[1], the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"), and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq.* (the "IWPCA"). Specifically, the Named Plaintiff alleged that Defendant knowingly required or permitted the Named Plaintiff, who worked as a telephone-dedicated employee in the position of client service

---

[1] Plaintiff's FLSA Claims were brought on an individual basis.

representative, and other similarly situated telephone-dedicated employees to perform unpaid work before and after the start and end times of their shifts, including, but not limited to, booting up computers, initializing several software programs, reading company issued emails and instructions, completing customer service calls, sending and receiving faxes, taking documents to the mail room, and taking documents to be shredded. The Named Plaintiff also alleged that Defendant knowingly required or permitted the Named Plaintiff and those similarly situated to her to perform unpaid work for Defendant on their break periods, including meal breaks. On July 6, 2015, the Named Plaintiff filed an Amended Complaint which named the correct and current Defendant, Delta Dental of Illinois (Doc. No. 9).

Defendant denies that it engaged in any misconduct in connection with its wage and hour practices, and it further denies that it has any liability or engaged in wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the Action. Specifically, Defendant denies that its pay practices failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law.

In approximately August 2015, the Parties began discussing the possibility of a resolution of this matter. The Parties jointly moved for a stay of this matter to allow them to engage in informal discovery and attempt to resolve the matter (Doc. No. 19), and the Court granted that motion on September 2, 2015. (Doc. No. 21). The Parties have actively engaged in significant informal discovery, and Defendant produced class-wide data regarding the claims, including payroll, timekeeping and computer and telephone log in/out data for putative class members. The Parties engaged in settlement discussions. The Parties reached an agreement in principle on the terms of a class action settlement to settle the claims alleged in the Amended Complaint as to the Named Plaintiff and the putative class members.

## II.    SETTLEMENT CLASS

For purposes of this Settlement Agreement, the Settlement Class will consist of (a) the Named Plaintiff, and (b) all individuals who worked as a telephone-dedicated employee for Defendant in Illinois at any time from June 15, 2012 to December 15, 2015.  Each member of the Settlement Class shall be referred to herein as a "Class Member", and collectively as "Class Members".  A list of all Class Members, and the amount each person is eligible to receive under this Settlement, is attached hereto as Exhibit 1.

## III.    BENEFITS OF SETTLEMENT TO CLASS MEMBERS

Named Plaintiff recognizes the expense and length of the proceedings necessary to continue the litigation against Defendant through trial and through any possible appeals.  Named Plaintiff also has taken into account the uncertainty and risk of the outcome of further litigation, the defenses raised by Defendant, and the difficulties and delays inherent in litigation.  In addition, this Settlement Agreement will provide a substantial monetary settlement for the Class Members.  Based on the foregoing, Named Plaintiff has determined that the Settlement set forth in this Settlement Agreement is a fair, adequate and reasonable settlement, and is in the best interests of the Class Members.

## IV.    DEFENDANT'S REASONS FOR SETTLEMENT

Defendant has concluded that the defense of this litigation would be protracted and expensive for all parties.  Absent settlement, Defendant will be required to devote substantial amounts of time, energy and resources to the defense of the claims the Named Plaintiff has asserted and to vindicate its pay practices, which Defendant maintains have at all times been proper and lawful.  Defendant, therefore, has agreed to settle in the manner and upon the terms set forth in this Settlement Agreement to put to rest the claims as set forth in the Action.

3

## V. SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Settlement Class on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon the Final Approval (as defined herein) the Action shall be dismissed with prejudice, subject to the recitals set forth herein above which by this reference become an integral part of this Settlement Agreement and subject to the following terms and conditions:

1. **Effective Date.**

As used in this Settlement Agreement, "Effective Date" means the date by which this Settlement is approved as provided herein and the Court enters the Final Approval Order.

2. **Released Parties.**

As used in this Settlement Agreement, "Released Parties" shall mean Defendant Delta Dental of Illinois and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and, with respect to each of them, all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators.

3. **Class Release.**

As of the Effective Date, Class Members who do not submit a Request for Exclusion will be deemed to have forever discharged and released, on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, the Released Parties from all claims arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., and any other applicable federal (other than

4

the FLSA as set forth below), state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities that were asserted in, or could have been asserted in, arise out of, or are related to the subject matter of this Action including without limitation claims for unpaid wages, minimum wages, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to December 15, 2015.  Further, as of the Effective Date, Class Members who submit a Claim Form also will be deemed to have forever discharged and released, on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, the Released Parties from all claims arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*., including without limitation claims for unpaid wages, minimum wages, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to December 15, 2015.

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

4.      **Named Plaintiff Release.**

As of the Effective Date, the Named Plaintiff will be deemed to have forever discharged and released the Released Parties from any and all claims, known and unknown, asserted or unasserted, which she has or may have against the Released Parties as of the date of this Settlement Agreement, including, but not limited to, all claims released in the Class Release, and any alleged violation of: Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); the Immigration Reform and Control Act; Age Discrimination in Employment Act; the Americans with Disabilities Act of 1990; the Fair Credit Reporting Act; the Family and Medical Leave Act; the Equal Pay Act; the Fair Labor

5

Standards Act; the Illinois Minimum Wage Law; the Illinois Wage Payment and Collection Act; the Illinois Human Rights Act; the Illinois Equal Pay Act; any other federal, state or local law, rule, regulation, or ordinance; any public policy, contract, tort, or common law; and any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters. A copy of the release the Named Plaintiff will be required to sign in order to receive her Incentive Award is attached hereto as Exhibit 2. Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Named Plaintiff does not waive any right to file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") except that Named Plaintiff waives any right to recover any damages or other personal relief based on any claim, cause of action, demand or lawsuit brought by Named Plaintiff or on her behalf by any third party, including as a class or collective action; and further provided, however, that Named Plaintiff does not release any claim that cannot be released by private contract or for breach of the terms of the Settlement Agreement between her and Defendant.

4.a. Representation of No Other Attorneys' Liens

Named Plaintiff and Class Counsel represent and warrant that no attorney, other than Class Counsel herein, has any attorneys' lien or claim to any proceeds arising out of, by virtue of, or in connection with this Action, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of this Action.

5.     **Non-Admission of Liability.**

In entering into this Agreement, Defendant does not admit, and specifically denies, that it has violated any federal, state, or local law; violated any rules, regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful, improper or wrongful conduct

6

with respect to the Settlement Class. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable laws. The Parties agree that this Agreement does not constitute an adjudication on the merits of the Action, that none of them have prevailed on the merits, and that this Agreement shall not serve or be construed as evidence that any party has prevailed or that Defendant has engaged in any wrongdoing. Further, the Parties agree that this Agreement shall not constitute an admission, finding or evidence that any requirement for class or collective action certification has been satisfied, other than for the sole purpose of settling this Action. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant. Additionally, except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable laws.

6. **Settlement Fund.**

The term "Settlement Fund" shall refer to the funds that will be distributed to the Named Plaintiff, Class Members, and Class Counsel in accordance with this Settlement Agreement. The Settlement Fund shall consist of $92,458.00, which shall be allocated as follows, subject to Court approval: (i) $53,097.70 shall be available for payment to the Class Members who submit timely and valid Claim Forms, and shall be distributed in the specific amounts, less required withholdings, which are set forth in Exhibit 1 (hereinafter, "Settlement Payments"); (ii) $5,000.00 shall be payable to the Named Plaintiff as an Incentive Award (as defined by Paragraph V.11(c)); (iii)

$32,360.30 shall be payable to Class Counsel for attorneys' fees; and (iv) $2,000.00 shall be payable to Class Counsel for litigation costs.

Defendant shall pay the costs of the employer share of any withholding taxes associated with the Settlement Payments, as well as all Claims Administration costs, separate from and in addition to the Settlement Fund, except that, to the extent that unclaimed funds remain after the notice and distribution process, unclaimed funds may be used to first pay claims administration costs and second the employer's share of taxes associated with the Settlement Payments. To the extent that unclaimed funds are used to pay claims administration costs and the employer's share of taxes connected with the Settlement Payments, the claims administrator shall handle those payments, and process all necessary tax documents required by Federal, State or local law.

7. **Claims Administration**

The Parties have selected Dahl Administration LLC to administer this class action settlement ("Claims Administrator"). All costs related to Claims Administrator's duties shall be paid by Defendant separate from and in addition to the Settlement Fund.

In connection with its duties as Claims Administrator, Dahl Administration LLC shall: (1) set up a Qualified Settlement Fund ("QSF") under Section 468N of the Internal Revenue Code and related provisions through the IRS which would have a unique Employer Identification Number, and for which the Claims Administrator would establish a designated interest-bearing bank account at a federally insured bank. (2) In the event that the settlement is both preliminarily and finally approved, Defendant will make the Settlement Payment (as defined in this Agreement) to the QSF and the Settlement Administrator shall be responsible for distributing the Settlement Payment pursuant to the terms of the Parties' agreement. (3) prepare and mail the Notice of Settlement and, if applicable, settlement checks to Class Members; (4) seek additional information from Class Counsel or Defense Counsel when appropriate and necessary; (5) receive and file opt-

8

opt statements and objections; (6) enforce the deadlines for Class Members to affirmatively opt out or cash checks; (7) prepare affidavits as necessary for the filing of the preliminary and final approval motions; (8) perform any other duties necessary to carry out its responsibilities as set forth in this Agreement; and (9) act as a fiduciary with respect to the handling, management, and distribution of the settlement.

8.  **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events listed. The date the Court grants preliminary approval of the settlement is the base timeline for all actions ("Preliminary Approval").

- Named Plaintiff will file her motion for preliminary approval of this Settlement Agreement with the Court on or before January 15, 2016. The motion shall be noticed for presentment on January 20, 2016.

- 7 days after Preliminary Approval, the Claims Administrator will mail the Notice Packets in accordance with Paragraph V.15 of this Agreement.

- 45 days from the mailing of the Notice Packet, all Claim Forms from Class Members who wish to participate in the Settlement ("Claimants") must be postmarked and mailed to the Claims Administrator ("Claim Deadline").

- 45 days from the mailing of the Notice Packet, all objections from Class Members who wish to object to the Settlement must be filed with the Clerk of the Court, and copies must be postmarked and mailed to the Claims Administrator, and to counsel for the Parties.

- 45 days from the mailing of the Notice Packet, all Requests for Exclusion from Class Members who wish to be excluded from the Settlement must be postmarked and mailed to the Claims Administrator.

- Within 7 days after the Claim Deadline, the Claims Administrator shall provide the Parties with a list of the names of all Class Members who have submitted timely and valid objections or Requests for Exclusion.

- Within 30 days after the Claim Deadline, Named Plaintiff shall file her motion for final approval of the Settlement.

- If there are no objections to the settlement and no possibility of appeal, within 7 days after the date the Court grants Final Approval of the Settlement and enters the Final Approval Order ("Final Approval"), Defendant transfer $53,097.70 to the QSF and the Claims Administrator shall issue checks to satisfy all Settlement Payments to the Claimants.

- If there are no objections to the settlement and no possibility of appeal, within 7 days after receipt of the funds from Defendant, the Claims Administrator shall mail all settlement checks to the Claimants at their last known addresses.

- If there are no objections to the settlement and no possibility of appeal, within 7 days after Final Approval, Defendant shall deliver to the Law Office of James X. Bormes, P.C., checks to satisfy (i) the Incentive Award that has been approved by the Court, and (ii) Class Counsel's attorneys' fees and litigation costs that have been approved by the Court.

- In the event that any objections to the settlement have been timely made, Defendant shall transfer $53,097.70 to the QSF and provide the aforementioned settlement

10

checks for fees and the incentive award to Plaintiff's counsel within 7 days of the expiration of the period of time to appeal the Court's Final Approval Order.  If an appeal is filed, no payments shall be issued until and unless the Settlement Agreement is upheld on appeal.  If the Settlement Agreement is upheld on appeal, all payments must be issued within 7 days after the appellate court's order.

9.    **Operation of the Settlement Fund.**

(a)    The Claims Administrator will calculate the Settlement Payments to be paid to Claimants (before legal withholdings) from the Settlement Fund in accordance with the terms and provisions of this Settlement Agreement, and as set forth below.  The gross Settlement Payment that each Class Member will receive is set forth on Exhibit 1.

The total amount of money available to be paid to Class Members under the settlement is $53,097.70.  Each Class Member's estimated share of the Settlement Fund will be calculated by the Claims Administrator based on the number of weeks the Class Member worked for Defendant in a telephone-dedicated position during the period of June 15, 2012 to December 15, 2015 (the "Class Period").  Each Class Member will receive an amount of $6.87 for each such week worked during the Class Period.  This amount was calculated using the following formula: [a/b] x $53,097.70.  In this formula, "a" equals the total number of weeks the Class Member worked for Defendant during the Class Period, and "b" equals the total number of weeks all Class Members worked for Defendant during the Class Period.  Defendant represents that the total number of weeks all Class Members worked for Defendant during the period of June 15, 2012 to December 15, 2015 is 7,730.

(b)    The Claims Administrator shall prepare and mail all Settlement Payments to the Class Members in accordance with Paragraph V.8 above, except the Claims Administrator

11

shall deliver any Incentive Award and Settlement Payment due to the Named Plaintiff to Class Counsel in accordance with Paragraph V.8 above.

(c)     All Settlement Payment checks shall be printed with a notice stating that checks not cashed within 180 days of the issuance date shall be invalid, or words to that effect. Those checks and the corresponding funds that are not cashed within 180 days of the issuance date shall be handled in accordance with paragraphs V.12 and V.16 below.

10.     **Tax Treatment of Settlement Payments.**

(a)     One Hundred Percent (100%) of the Class Members' Settlement Payments will be paid as owed back wages subject to ordinary withholdings. Payroll deductions will be made by the Claims Administrator for state and federal withholding taxes and any other applicable payroll deductions owed by the Class Member as a result of the Settlement Payment. The Claims Administrator will pay the amounts withheld to the appropriate taxing authorities. The Claims Administrator will issue an IRS form W-2 for the Settlement Payment to each Class Member. The Claims Administrator shall separately furnish Defendant with an accounting of the employer's share of taxes relating to the Settlement Payments made to Class Members, which Defendant shall pay. However, to the extent that unclaimed funds remain after the notice and distribution process, and after the payment of claims administration costs, in an amount sufficient to satisfy the employer's share of taxes related to the Settlement Payments, the claims administrator shall use those funds to pay the employer's share of taxes relating to those payments.

(b)     Defendant, its counsel, Class Counsel, and the Claims Administrator make no representation as to the tax treatment or legal effect of the Settlement Payments as taxable or non-taxable as called for hereunder, and the Class Members are not relying on any statement, representation, or calculation by Defendant, its counsel, Class Counsel or by the Claims Administrator in this regard. The Class Members shall be responsible for his/her payment of any

12

and all taxes and penalties assessed on his/her Settlement Payment and each shall hold Defendant free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages.

11. **Fees and Costs Award; Incentive Awards.**

(a)    Class Counsel shall seek attorneys' fees not to exceed $32,360.30, and litigation costs not to exceed $2,000.00.  Subject to all the terms and conditions of this Settlement Agreement being met, Defendant will not object to a request by Class Counsel for Court approval of a fees and costs award from the Settlement Fund in this amount.  In the event that the Court does not approve the attorneys' fees and/or litigation costs provided in this Settlement, this Settlement Agreement shall remain fully enforceable and Class Counsel shall receive only those attorneys' fees and costs as approved by the Court.  In that event, the amount of any reduction in attorneys' fees or costs shall be used to increase the amount of the Settlement Payments payable to the Class Members.  The fees and costs award approved by the Court shall be paid by Defendant to Class Counsel from the Settlement Fund on the timetable provided in Paragraph V.8.

(b)    The payment of the fees and costs award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Class Members who do not submit a Request for Exclusion, and shall relieve Defendant, the Settlement Fund, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled which arise out of the allegations in Named Plaintiff's Complaint.  In exchange for such payment, Class Counsel will remise, release and forever discharge any attorneys' lien on the Settlement Fund.

(c)    Class Counsel may apply for an "Incentive Award" to the Named Plaintiff in an amount not to exceed $5,000.00, for her aid and assistance in prosecuting this Action.

13

Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. The Incentive Award is separate and apart from any Settlement Payment for which the Named Plaintiff qualifies as a Class Member. The Incentive Award will not be taxed as wages, and the Named Plaintiff will receive a Form 1099 related to the Incentive Award. The Named Plaintiff agrees to be solely liable for all taxes on the Incentive Award.

12.    **Uncashed Checks.**

Any settlement checks that remain uncashed after the check cashing deadline shall escheat to the State of Illinois in accordance with paragraph V.16. The Claims Administrator shall be responsible for completing the escheatment process.

13.    **Responsibilities of Defendant.**

Defendant shall:

(a)    Perform all duties as stated in this Settlement Agreement.

(b)    Provide Class Counsel and the Claims Administrator with each of the Class Members' last known mailing address. Defendant shall also provide the Claims Administrator with the Social Security Number or other tax identification numbers used by each Class Member while working for Defendant. The Claims Administrator will use the social security numbers or tax identification numbers to prepare Class Members' Form W-2s and, if necessary, to ascertain the Class Members' correct address. Class Counsel and the Claims Administrator agree to keep this information confidential, and to use it only for the purpose of administering the settlement.

14.    **Procedure for Objecting to or Requesting Exclusion from Class Action Settlement.**

(a)    <u>Procedure for Objecting</u>. The Class Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court, the Claims Administrator, and counsel for the Parties. Such

14

written statement must be postmarked no later than forty-five (45) days after the mailing of the Notice Packet (the "Objection/Exclusion Deadline Date"). The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b) <u>Procedure for Requesting Exclusion</u>. The Class Notice shall provide that Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date. Such written request for exclusion must contain the Class Member's name, address, and telephone number, and must be returned by mail to the Claims Administrator at a specified address, and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Class Member who submits a valid Request for Exclusion will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.

(c) No later than seven (7) days after the Objection/Exclusion Deadline Date, the Claims Administrator shall furnish to the Parties' Counsel a complete list of all Class Members who have timely objected to or requested exclusion from the Settlement.

**15.** **<u>Notice/Approval of Settlement and Settlement Implementation.</u>**

As part of this Settlement, the Parties agree to the following procedures for obtaining court approval of the Settlement, notifying Class Members, and mailing the Settlement Payments:

(a) <u>Preliminary Approval Hearing</u>. Named Plaintiff shall move for Preliminary Approval of the Settlement on or before January 15, 2016. In conjunction with the motion for

15

Preliminary Approval, Named Plaintiff will submit this Settlement Agreement and its attachments for review by the Court.

(b)    <u>Final Approval Hearing</u>.  Named Plaintiff shall move for Final Approval of the Settlement within 14 days after the Claim Deadline.

(c)    <u>Settlement Administration</u>.  The Claims Administrator, with the assistance of the Parties, shall administer the Settlement on the timetable stated in Paragraph V.8 of this Settlement Agreement, and shall complete such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.  The Claims Administrator shall provide the Parties with bi-weekly reports regarding the Settlement Administration process, including providing the following information: the number of Class Members who have submitted valid and timely Claim Forms; the number of Class Members who have submitted valid and timely Requests for Exclusion from the Settlement; and the number of Claimants who have objected to the Settlement.

(d)    <u>Notice and Payment to Class Members</u>.  On the timetable specified in Paragraph V.5 of this Settlement Agreement, the Claims Administrator shall send a copy of (i) the Class Notice attached hereto as Exhibit 3, (ii) the Claim Form attached hereto as Exhibit 4, and (iii) a return envelope addressed to the Claims Administrator (collectively, a "Notice Packet"), to each Class Member via First Class regular U.S. mail.  Prior to the mailing, the Claims Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice Packet using the most current mailing address information.  Within thirty (30) days of the date of the initial mailing, the Claims Administrator shall promptly conduct a second mailing for any Class Member whose Notice Packet is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or

through skip-tracing. If after this second mailing the Notice Packet is again returned as undelivered, then the notice mailing process shall end for that Class Member. Thirty (30) days after the initial mailing, the Claims Administrator shall mail a reminder postcard to the Class Members that will remind them of (a) the Claim Deadline, and (b) the Objection/Exclusion Deadline Date.

      16.    **Undistributed Settlement Awards.**

      (a)     The Claims Administrator will deliver the settlement checks as specified above and will forward any returned checks to any forwarding address, if available.

      (b)    If the Claims Administrator is unable to deliver a settlement check to a Claimant, the Claims Administrator shall advise the Parties. If a check remains undeliverable or uncashed within one hundred eighty (180) calendar days after it is mailed, then the Claims Administrator shall cancel the undeliverable or uncashed checks and the amount of such checks shall escheat to the State of Illinois.

      (b) (c)     As set forth above, any unclaimed funds shall be first used to satisfy claims administration costs. If any unclaimed funds remain thereafter, such funds will be used second to satisfy the employer's share of taxes arising out of the Settlement Payments. If any unclaimed funds remain thereafter, which the parties believe will be *de minimis*, such funds will be returned to Defendant.

17. **Non-Disclosure.**

    The Named Plaintiff agrees not to disclose the terms of the Settlement, including any amounts payable under the Settlement, to any third party; provided, however, that they may disclose this Settlement to their immediate family, tax preparers, financial advisors, and counsel of record, or if such disclosure is ordered by a court of competent jurisdiction or otherwise required

by law.  Upon inquiry of any kind about this matter by any third party not specifically excluded above, Named Plaintiff shall state only that this matter has been resolved and shall give no other indication(s), verbal or otherwise, regarding the outcome or the general or specific terms of this Settlement Agreement.

**18.** **No Publicity.**

The Named Plaintiff and Class Counsel agree not to disclose the terms of this Settlement to the media or through publication of a press release, public comment, or via social media.

**19.** **Nullification of Agreement.**

In the event: (i) the Court does not approve the Settlement as provided herein, except as to the approval of Class Counsel's attorneys' fees and costs; (ii) the Court does not enter a Final Approval Order as substantially provided herein; or (iii) the Settlement does not become final for any other reason, then this Settlement shall be null and void, and the Parties agree to take any and all necessary steps to have any order approving the Settlement withdrawn.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred in the administration of the settlement by the Claims Administrator shall be the sole responsibility of Defendant and shall not be reimbursed by the Named Plaintiff, the Class Members, or Class Counsel.

**20.** **Exhibits and Headings.**

Any Exhibits to this Settlement Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

21.    **Interim Stay of Proceedings.**

The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court.  In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified under the circumstances set forth in Paragraphs V.8 or V.17 above, neither party need serve or respond to discovery, or file responsive pleadings or motions.

22.    **Amendment or Modification.**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

23.    **Entire Agreement.**

This Settlement Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

24.    **Authorization to Enter Into Settlement Agreement.**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.  The

19

person(s) signing this Settlement Agreement on behalf of Defendant represent and warrant that they are authorized to sign this Settlement Agreement on behalf of Defendant.

25. **Binding on Successors and Assigns.**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto, as previously defined.

26. **Illinois Law Governs.**

All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

27. **Counterparts.**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

28. **This Settlement is Fair, Adequate, and Reasonable.**

The Parties warrant and represent they have read this Settlement Agreement and that they believe this Settlement is a fair, adequate, and reasonable settlement of this Action and have arrived at this Settlement in arms' length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations.

29. **Jurisdiction of the Court.**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the

Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

      **30.**    **Cooperation and Drafting.**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction of the terms of this this Settlement Agreement, the terms shall not be construed against any of the Parties.

      **31.**    **Invalidity of Any Provision.**

The Parties to this Settlement Agreement agree that each and every provision of this Settlement Agreement shall be deemed to be contractual and that they shall not be treated as mere recitals at any time or for any purpose. Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

      **32.**    **Waivers, etc. to Be in Writing.**

No waiver, modification or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

Dated: _____, 2015     HELENA DUMAS

                                            _____
                                            Helena Dumas

Dated: _____, 2015     LAW OFFICE OF JAMES X. BORMES, P.C.

                                            By: _____
                                              James X. Bormes, Plaintiff's Attorney

Dated: _____, 2015     LAW OFFICE OF THOMAS M. RYAN, P.C.

                                            By: _____
                                              Thomas M. Ryan, Plaintiff's Attorney

Dated: _____, 2015     DELTA DENTAL OF ILLINOIS

                                            By: _____
                                              [Name, Title]

Dated: _____, 2015     OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.

                                            By: _____
                                              Michael D. Ray, Defendant's Attorney

23508660.1

22

24400604.1